## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| **ANDRE BRAZZLE,** | : | **Civil No. 2:09-cv-00074** |
| **Plaintiff,** | : | |
| | | **RULING** |
| **vs.** | : | |
| **WASHINGTON CITY,** | : | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| **Defendant.** | | |

Oral arguments on the parties' cross motions for summary judgment were heard on January 27, 2010.  Attorneys Erik Strinberg and Rachel Otto were present on behalf of plaintiff Andre Brazzle, and attorney Bryan Pattison was present on behalf of defendant Washington City.  At the conclusion of the hearing, the Court took the matter under advisement.  Now, having considered the parties' arguments along with their written submissions and legal authorities, the Court rules as follow and denies plaintiff's motion for partial summary judgment on his fifth cause of action and grants defendant's motion for partial summary judgment on the same cause of action.

### (1) Background

As an initial matter, the Court engages in a brief recitation of the undisputed and

relevant facts.  Plaintiff Andre Brazzle ("Mr. Brazzle") was hired as a Washington City

police officer on December 27, 2005.[1]  On June 27, 2007, after eighteen months of

employment, Mr. Brazzle completed his new-hire probationary period, required for all

new employees.[2]  Thereafter, on April 10, 2008, approximately nine months after the

conclusion of his new hire probationary period, Mr. Brazzle received a letter from

Washington City Chief of Police Jim Keith ("Chief Keith").  Mr. Keith's letter informed

plaintiff that an internal fairs investigation found plaintiff had exhibited "conduct

unbecoming an officer."  As a result, the letter stated that Mr. Brazzle was subject to

suspension for thirty days without pay and placement "on new hire probation status for

18 months."[3]  On April 24, 2008, pursuant to 4(a) of Washington City Ordinance No.

2005-17, Mr. Brazzle met with City Manager Roger Carter to discuss the disciplinary

action.[4]   Thereafter, on May 2, 2008, Mr. Brazzle received a letter from Mr. Carter

informing him that his thirty day suspension had been amended and was reduced to

two days without pay along with continued placement on probationary status at the

---

[1]Plaintiff's Memorandum In Support, Document 21; Declaration of Andre Brazzle, Exhibit L, ¶ 3.  Defendant's Memorandum In Support, Document 23; Declaration of Jim Keith.

[2]Plaintiff's Memorandum In Support, Document 21; Declaration of Andre Brazzle, Exhibit L, ¶ 4.

[3]Plaintiff's Memorandum In Support, Document 21; Letter to Andre Brazzle from Chief Jim Keith, Exhibit E.  Defendant's Memorandum In Support, Document 23; Declaration of Jim Keith, ¶ 7.

[4]Plaintiff's Memorandum In Support, Document 21; Declaration of Andre Brazzle, Exhibit F, ¶ 6.  Defendant's Memorandum In Support, Document 23; Declaration of Jim Keith, ¶ 8.

discretion of Chief Keith.[5]  Additionally, Mr. Brazzle was required to undergo a sixteen week corrective action plan.

On September 2, 2008, Mr Brazzle received a letter from Chief Keith terminating his employment with Washington City.   The letter stated as a probationary employee, Mr. Brazzle had "no right to an appeal of any adverse employment action."[6]   As a result of his termination, Mr. Brazzle filed a complaint asserting six causes of action against Washington City.[7]

### (2) Standard Of Review

In this matter, the parties bring cross motions for partial summary judgment with respect to plaintiff's fifth cause of action for deprivation of a property interest without due process, in violation of 42 U.S.C. Section 1983.[8]  In support of his motion, Mr. Brazzle argues that upon completion of his new hire probationary period he had a vested property interest in continued employment and was therefore entitled to grieve

---

[5]Plaintiff's Memorandum In Support, Document 21; Letter to Andre Brazzle from Roger Carter, Exhibit G.  Defendant's Memorandum In Support, Document 23; Declaration of Jim Keith, ¶ 8.

[6]Plaintiff's Memorandum In Support, Document 21; Letter to Andre Brazzle from Jim Keith, Exhibit I.

[7]First Amended Complaint, Document 12-2.  Original Complaint, Document 2.

[8]First Amended Complaint, Document 12-2.  Although the original motions included an additional request for summary judgment on plaintiff's sixth cause of action for deprivation of a liberty interest, a stipulated motion to dismiss was reached and an Order signed by the Court ultimately formalized the dismissal of the sixth cause of action.  *See,* Court Order, Document 48.

his termination through a full and fair hearing.[9]   Washington City objects, arguing that both state statute and Washington City regulations establish that as a probationary employee Mr. Brazzle did not have a right to an administrative appeal.[10]

Under federal law, an award of summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[11]   Here, because the material facts are not in dispute summary judgment is appropriate and the Court now rules as stated herein.

### (3) Procedural Due Process

Mr. Brazzle's claim is essentially one for procedural due process under the Fourteenth Amendment.[12]   "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."[13]   In order to succeed on a procedural due process claim Mr.

---

[9]Plaintiff's Memorandum In Support, Document 21, pg. 11.  Plaintiff's Amended Complaint, Document 12-2, ¶¶ 82-82.

[10]Defendant's Memorandum In Support, Document 23, pg. 12.

[11]Fed. R. Civ. P. 56(c).

[12]U.S. Const. 14 § 1.  "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the Untied States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[13]Bd. Of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972).

Brazzle must prove that: he possessed a protected property interest in his continued employment  to which due process was applicable; and he was not afforded an appropriate level of due process protection.[14]  Thus, in order for a property interest to exist Mr. Brazzle must show a "legitimate claim of entitlement" to his continued employment.[15]  A unilateral expectation of continued employment is insufficient to create a property interest.[16]

A protected property interest in continued employment does not stem from the Constitution, but from an independent source such as state statute, municipal charter or ordinance and an express or implied contract.[17]   Here, Mr. Brazzle claims a property interest in his continued employment as a Washington City police officer was created by state statute, Utah Code Ann. § § 10-3-1105 and 10-3-1106, Washington City Ordinance 2005-17 as codified in Washington City Code Title 2, Chapter 2 and Washington City Police Department Handbook Section 17.2.3(A).

**(a) UCA §§ 10-3-1105 and 10-3-1106**

In support of his claim, Mr. Brazzle relies upon Utah Code Annotated §§ 10-3-1105 and 10-3-1006, addressing the duration and termination of municipal employees.   Section 10-3-1005(1) provides that certain municipal employees shall

---

[14]Copelin-Brown v. N.M. State Pers. Office, 399 F.3d 1248, 1254 (10th Cir. 2005)(citing, Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir. 1998)).

[15]Bd. of Regents of v. Roth, 408 U.S. 564, 577 (1972)).

[16]Id.

[17]Kingsford v, Salt Lake City Sch. Dist., 247 F.3d 1123, 1128 (10th Cir. 2001); Darr v. Town of Telluride, 495 F.3d 1243, 1251 (10th Cir. 2007)(citing, Bd. Of Regents v. Roth, 408 U.S. 564, 569 (1972)).

hold employment without limitation of time, being subject to discharge, suspension of over two days without pay, or involuntary transfer to a position with less remuneration only as provided in Section 10-3-1006.[18]

Under Subsection (2), however, certain employees are specifically excluded from "employment without limitation of time" including, but not limited to, probationary employees.[19]

In turn, Utah Code Annotated 10-3-1006, references a municipal employee's right to appeal any discharge or suspension without pay for more than two days,

[i]f an employee is discharged, suspended, for more than two days without pay, or involuntary transferred from one position to another with less remuneration for any reason, the employee may, . . ., appeal the discharge, suspension without pay, or involuntary transfer to a board to be known as the appeal board.[20]

However, not all municipal employees are entitled to an appeal. Again, Section 10-3-1005(2) excludes certain categories of employees from the right to a hearing, including probationary employees.[21] In interpreting these statutory provisions, the Utah Court of Appeals concluded that those employees excluded under subsection 10-3-1105(2) "are not entitled to the protections of section 10-3-1106, . . ., and their employment with the City is subject to termination at will."[22]

Read together, the Court finds that the appeal protections provided under

---

[18]Utah Code Annotated § 10-3-1105(1).

[19]Utah Code Annotated § 10-3-1105(2)(j).

[20]Utah Code Annotated § 10-3-1106(2)(a).

[21]Utah Code Annotated, § 10-3-1105(2)(j).

[22]Pearson v. South Jordan Employee Appeals Board, 2009 UT App 204, ¶10; 216 P.3d 996, 998.

Section 10-3-1106 are granted only to those merit employees not excepted under Subsection 10-3-1105(2). Accordingly, as a probationary employee, Mr. Brazzle fell outside of the purview of the state statutory protections and as an at-will employee he was not entitled to an appeal.

### (b) Washington City Ordinance

In addition to state statue, Mr. Brazzle relies upon Washington City Ordinance No. 2005-17, codified in Washington City Code Title 2, Chapter 2, in support of his claim of a protected property interest in continued employment.

Ordinance No. 2005-17 creates an employee appeals board ("EAB") as required under Utah Code Ann. § § 10-3-1105 and 1106. The Ordinance is consistent with Utah's statutory provisions in that it only provides access to the appeals board to those employees who fall under § 10-3-1105.[23] Because as a probationary employee the protections of § 10-3-1105 do not apply to Mr. Brazzle, he is not entitled to appeal board access pursuant to Washington City Ordinance 2005-17.

### (c) Washington City Police Department Handbook, Section 17.2.3(A)

Mr. Brazzle references Section 17.2.3(A) of the City's Police Department Handbook arguing that it also creates an independent right to a property interest in continued employment. However, the provision relied upon by Mr. Brazzle was

---

[23]Washington City Ord. 2005-17 § 3 provides that "[i]f an employee to which Utah Code Ann. § 10-3-1105 applies is discharged, suspended for more than two days without pay, or involuntarily transferred from one position to another with less remuneration for any reason, the employee may appeal the discharge, suspension without pay, or involuntary transfer to the Board."

superseded on May 28, 2008—four months prior to plaintiff's termination.[24]  Prior to his

termination, Mr. Brazzle acknowledged receipt of the superseding amendments,[25] and

therefore cannot rely upon that provision as granting him any additional rights to

appeal.[26]

### (4) Substantive Restrictions

As a probationary employee, none of the independent sources relied upon by

Mr. Brazzle create a vested interest in his continued employment. The issue remains,

however, whether it was appropriate for Washington City to re-designate Mr. Brazzle as

a probationary employee after he had, in fact, successfully completed his new-hire

probationary period.[27]

Procedural protections alone do not create a claim of entitlement to continued

future employment.[28]  Instead, "[a] legitimate claim of entitlement to continued public

employment arises only when there are substantive restrictions on the ability of the

———————————————

[24]Plf. Ans. To Request for Admission Nos. 8 & 9, Ex. 4 to Admissions.

[25]Declaration of Jim Keith, ¶¶ 14-15.  Document 23; Declaration of Ruth Holyoak, Document 23-5.

[26]Tremby v. Mrs. Fields Cookies, 884 P.2d 1306, 1312 (Utah Ct. App. 1994)("if an employee has knowledge of a distributed handbook that changes a condition of the employee's employment, and the employee remains in the company's employ, the modified conditions become part of the employee's employment contract."); *See also,* Ryan v. Dan's Food Stores Inc., 972 P.2d 395, 402 (Utah 1998)).

[27]Of note, it is somewhat concerning to the Court that Mr. Brazzle's rights seem to have been subverted by placing him on suspension for two days and re-instating his probationary status—disciplinary tactics which placed specifically plaintiff outside the protections of UCA § 10-3-1105(1) and UCA § 10-3-1106(2)(a).

[28]Kingsford v. Salt Lake City School District, 247 F.3d 1123, 1129 (10th Cir. 2001).

employer to terminate the employee."[29]  Consequently, in order to create a protected property right, in addition to the stated procedural protections, it is necessary for the statute, regulation, or policy relied upon to specify "the grounds on which an employee may be discharged".[30]  For example, if a statue or regulation specifies the grounds for discharge to "just cause shown" then the employee maintains a right to continued employment until such ground are in fact shown.[31]

The Tenth Circuit has made clear "when a person's employment can be terminated *only for specified reasons*, his or her expectation of continued employment is sufficient to invoke the protections fo the Fourteenth Amendment."[32]  Here, Mr. Brazzle is unable to demonstrate any such substantive restrictions.  None of the applicable statutes, ordinances or policies limit Washington City's ability to terminate by specifying that termination can only be for a specific reason such as for "just cause" or "for cause" pertaining to any other stated reason.

In support of his position, Mr. Brazzle relies heavily upon <u>Cleveland Board of Education v. Loudermill</u>, where the Supreme Court determined that a state can not

---

[29]Id.

[30]<u>Asbill v Housing Authority of Choctaw Nation Of Oklahoma</u>, 726 F.2d 1499, 1502 (10th . Cir. 1984)

[31]<u>Kingsford</u>, at 1129..  *See also*, <u>Asbill v. Hous. Auth.</u>, 726 F.2d 1499, 1502 (10th Cir. 1984).

[32]<u>West v. Grand County</u>, 967 F.2d 362, 366 (10th Cir. 1992) (Emphasis added). *See also,* <u>Vineyard v. King</u>, 728 F.2d 428, 432 (10th Cir. 1984)(permanent employee who could not be terminated without cause had a protected property interest); <u>Archuleta v. Colorado Dep't of Insts.</u>, 936 F.2d 483, 489 (10th Cir. 1991)(worker could only be discharged for cause had a protected property interest in continued employment)).

"constitutionally authorize the deprivation of such an interest [employment], once conferred, without appropriate safeguards."[33]  While compelling, <u>Loudermill</u> is distinguishable.  In <u>Loudermill</u>, the plaintiff had a legitimate claim of entitlement to continued employment based upon a specific Ohio state statute[34] which limited termination to "only for cause".[35]   Here, to the contrary, there are no substantive protections on Mr. Brazzle's employment that restrict Washington City in any way from re-designating him as a probationary employee for disciplinary purposes.

In the alternative, Mr. Brazzle argues that the "without limitation of time" language of Utah Code Ann. § 10-3-1105(1) is its own substantive limitation that creates a property interest in continued employment.  This Court disagrees finding the "without limitation of time" language of the statute actually supports the conclusion that Mr. Brazzle was an at-will employee; the definition of at-will employment being employment without limitation of time or for an indefinite duration.[36]   As an at-will

---

[33]<u>Cleveland Board of Education v. Loudermill</u>, 470 U.S. 532, 539 (1985)(citing, <u>Arnett v. Kennedy</u>, 416 U.S. 134, 168, 167 (1974)(POWELL, J. Concurring in part and concurring in result in part)).

[34]The Ohio statute allowed for the removal of a "classified civil service employee" only for "incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office." Ohio Rev. Code Ann. § 124.11 (1984).

[35]<u>Loudermill</u>, at 536.

[36]<u>Rackley v. Fairview Car Ctrs. Inc.</u>, 23 P.3d 1022,1026 (Utah 2001) ("Under Utah law, an employment relationship entered into for an indefinite period of time is presumed to be at-will and gives rise to a contractual arrangement where the employer or the employee may terminate the employment for any reason")).

employee Mr. Brazzle lacked a property interest in continued employment.[37]

Here, the plain language of the statute does not include any substantive limitations on termination.   Instead, the language clearly states that all "probationary employee[s] of the municipality" are excluded from the appeals process.[38]   Ultimately, because the legislature has not included any substantive restrictions on Washington City's discretion to take such adverse employment action against Mr. Brazzle, the Court concludes that it was permissible to re-instate Mr. Brazzle's probationary employee status.

**(5) <u>Conclusion</u>**

For the reasons stated, Mr. Brazzle's motion for partial summary judgment on his fifth cause of action for violation of his due process is denied, and defendant's motion for partial summary judgment on the same cause of action is grated.  As a probationary employee, Mr. Brazzle did not possess a property interest in his continued employment with the Washington City Police Department and therefore he did not have a due process right to an administrative appeal of his termination.

---

[37]<u>Darr v. Town of Telluride</u>, 495 F.3d 1243, 1253 (10th Cir. 2007)("At-will employees lack a property interest in continued employment")).

[38]Utah Code Ann. §  10-3-1105(2)(j).

DATED this 17th day of February, 2010.

BY THE COURT:

Brooke C. Wells
United States Magistrate Judge