IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANDRE BRAZZLE,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON CITY,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE**<br><br>Case No.  2:09-cv-00074-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Before the Court is Defendant Washington City's ("Washington City") Motion to Strike Portions of the Declaration of Jeffrey S. McKinney.[1] The Court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the Court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR7-1(f).  For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the motion to strike.

Washington City seeks to strike portions of paragraphs 3, 4, 5, 9, 15, and 17 of the Declaration of Jeffrey S. McKinney, which was submitted as an exhibit in support of Plaintiff's memorandum in opposition to Defendant's Motion for Summary Judgment.[2]  "An affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or

---

[1] *See* Dkt. No. 82.

[2] *See* Dkt. No. 64.

1

declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Court addresses each paragraph at issue in turn.

*Paragraph 3*

Washington City seeks to strike the second sentence of the paragraph arguing that it is conclusory and speculative with no specific facts to substantiate the assertion. The Court agrees. Nothing in the statement indicates the foundation for the statement that Chief Keith and Lieutenant Kantor moved Mr. McKinney off of Mr. Brazzle's shift because they were friends. The Court does not know whether Mr. McKinney was told that by the Chief and the Lieutenant or that it is his opinion. While Federal Rule of Evidence 701 provides that the testimony of a lay witness "in the form of an opinion" is admissible if the opinion "is (a) rationally based on the witness's perception and (b) helpful to clearly understanding the witness's testimony or to determining of a fact in issue," the Court finds the statement conclusory and speculative. The statement lacks foundation, as the declarant did not make the decision to move himself off of Andre Brazzle's shift. The statement fails to address the basis for declarant's belief that he was moved off of Andre Brazzle's shift because they were friends. Without a basis set forth in the affidavit, the Court cannot assess whether the opinion meets the Rule 701 standard. The Court strikes this portion of the paragraph.

*Paragraph 4*

The Court strikes the paragraph. While the statement is the declarant's opinion, *see* Fed. R. Evid. 701, the Court finds the paragraph conclusory, lacking of specific facts to substantiate the assertion and not "helpful to clearly understanding the witness' testimony or to determining a fact in issue."

*<u>Paragraph 5</u>*

The Court strikes the paragraph because it lacks context to substantiate the assertion and facts sufficient to understand the relevance. At a minimum, the statement does not even indicate who made the comments even by category, i.e., superiors, colleagues, members of the public, etc. The Court is left to speculate, which it will not do.

*<u>Paragraph 9</u>*

The Court strikes paragraph 9 because it constitutes inadmissible hearsay. Hearsay is inadmissible unless an exception applies. *See* Fed. R. Evid. 802, 803. Plaintiff argues that the statement is not hearsay because he does not offer it for the truth of the matter asserted, and even if considered hearsay, it falls under the present sense impression exception. The statement offered is Mr. McKinney's restatement of Mr. Brazzle's statements that include a restatement of what the Chief had told Mr. Brazzle at an earlier time. The statement appears to be offered for the truth of the matter, the matter being why Mr. Brazzle did not report the incident. Therefore, the statement does constitute hearsay and in parts constitutes double hearsay.

To qualify for the present sense impression exception the statement must describe or explain an event or condition and must be made while or immediately after the declarant, Mr. McKinney, perceived the event or condition. The conversation between Mr. McKinney and Mr. Brazzle that forms the basis for the statement did not occur while or immediately after Mr. Brazzle had the conversation with the Chief. Rather that conversation occurred when Mr. Brazzle "was first hired." Furthermore, Mr. McKinney did not perceive the conversation with the Chief. Thus the statements about that conversation do not constitute a present sense impression, and the exception therefore does not apply. *See* Fed. R. Evid. 803(1). Additionally, Mr. McKinney's restating of Mr. Brazzle's out of court statement is not Mr. McKinney's present

sense impression of an event or condition.  Mr. McKinney merely repeats his memory of Mr. Brazzle's statements, saying nothing about his own impression.  Therefore the entire statement is hearsay, and the Court strikes it.

*Paragraph 15*

The Court does not strike the fourth sentence of paragraph 15.  The sentence is based on Mr. McKinney's opinion based on his perception as a witness having viewed the screen saver and being present in the patrol room with the image on the computer screens.  Thus under Federal Rule of Evidence 701, the Court finds the testimony "rationally based on the witness's perception and [] helpful to clearly understanding of the witness's testimony or to determining a fact in issue."  Moreover, the opinion is helpful to the trier of fact as it may be relevant to, but not limited to the negligence and severe and pervasive elements of the hostile work environment claim.  Additionally, the Court finds the fifth sentence sufficiently specific and again based on McKinney's opinion that he rationally bases on his perception as a witness.

*Paragraph 17*

The Court strikes the paragraph because it is inadmissible hearsay.  Hearsay is inadmissible unless an exception applies.  *See* Fed. R. Evid. 802, 803.  In this statement, Mr. McKinney merely attempts to retell what Mr. Brazzle to him about what others said and did.  Thus the statement contains hearsay and double hearsay.  As described with respect to paragraph 15, Mr. McKinney has not offered his present sense impression of anything.  Further, the paragraph offers nothing about the effect of the statements on Mr. McKinney.  Thus they are offered to show the truth of Mr. Brazzle's statements about his own state of mind.  For these reasons, the Court strikes paragraph 17.

For the reasons stated above, the Court GRANTS the motion as to paragraphs 3, 4, 5, 9, and 17. The Court DENIES the motion as to paragraph 15.

SO ORDERED this 14th day of September, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge